IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Gregory Quinn Gathers, | ) | Civil Action No.: 5:19-cv-03588-JMC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Scott Lewis, Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

Petitioner Gregory Quinn Gathers ("Gathers"), *pro se*, brought this action seeking relief pursuant to 28 U.S.C. § 2254. (ECF No. 1.) More specifically, Gathers requests a Petition for Writ of Habeas Corpus ("Petition") to seek post-conviction relief for ineffective assistance of counsel at trial, failure to object to State Golden Rule argument, failure to request a charge of Involuntary Manslaughter, and failure to preserve a self-defense jury instruction. (*Id*. at 5.)

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") (ECF No. 35), filed on June 16, 2020, recommending that the court grant Respondent's Motion for Summary Judgment (ECF No. 16) and deny the Petition (ECF No. 1). The Report sets forth in detail the relevant facts and legal standards on this matter, and the court incorporates the Magistrate Judge's recommendation herein without a recitation.

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, and that recommendation has no presumptive weight—the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life and Acc.*

1

*Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

Gathers was advised of his right to file an objection to the Report "within fourteen (14) days of the date of service of the Report and Recommendation," or by July 3, 2020. (ECF No. 35 at 11.) Gathers did not file any objections.

In the absence of objections to the Magistrate Judge's Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the District Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. The court **ADOPTS** the Magistrate Judge's Report and Recommendation (ECF No. 35). It is therefore **ORDERED** that Respondent's Motion for Summary Judgment (ECF No. 16) be **GRANTED**, and the Petition (ECF No. 1) be **DENIED**.

## CERTIFICATE OF APPEALABILITY

The law governing certificates of appealability provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right. (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

2

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

July 14, 2020
Columbia, South Carolina